**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN C. GIBSON,

       Petitioner,

vs.                                        Case No. 3:08-cv-246-J-32JBT

WALTER MCNEIL,
etc.; et al.,

       Respondents.

_____

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus and Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 (Doc. #2) (hereinafter Petitioner's Memorandum). He challenges his 2002 state court (Duval County) conviction for armed robbery on nine grounds. In grounds one through seven, he contends that trial counsel was ineffective for: (1) failing to object to the introduction of evidence, thereby failing to preserve for appellate review the denial of two pretrial motions to suppress; (2) failing to object to the introduction of fingerprint evidence and failing to obtain independent fingerprint testing; (3) interfering with Petitioner's right to testify; (4) failing to object to improper jury instructions and misadvising Petitioner to accept the improper instructions; (5) failing to object to hearsay testimony; (6) failing to impeach a State witness with inconsistent

1

statements; and (7) failing to obtain a statement from the victim to recommend that Petitioner not be sentenced as a prison releasee reoffender.  In ground eight, Petitioner alleges that the cumulative effect of counsel's errors denied him the effective assistance of counsel.  In his final ground, Petitioner asserts that the state appellate court failed to conduct a full and independent review of the record on appeal as required by Anders v. California, 386 U.S. 738 (1967).

Respondents have responded to the Petition.  See Amended Answer in Response to Order to Show Cause (Doc. #15) (hereinafter Response).[1]  Petitioner has replied.  See Reply to State's Response (Doc. #18) (hereinafter Reply).  Thus, this case is ripe for review.

## II.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

---

[1] Respondents have set forth the state court procedural history in their Response.  See Response at 1-4.  They also assert that the Petition was timely filed.  Id. at 4-5.  Thus, this Court will not repeat the procedural history.

### III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[2] resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Marquard,[4] 429 F.3d at 1303.  The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

---

[2] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[4] Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1303 (11th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)."  Schriro, 550 U.S. at 473-74.  "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

## IV. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064.  Second, the defendant must show that counsel's deficient performance prejudiced him. Id.  That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam) .

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). Thus, "it is important to keep in mind that '[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a [S]tate court's decision--when we are considering whether to grant federal habeas relief from a [S]tate court's decision.'" Williams v. Allen, 598 F.3d 778, 789 (11th Cir. 2010) (alteration in original) (quoting Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004)).

## V. Findings of Fact and Conclusions of Law

### A. Ground One

In his first claim, Petitioner contends that trial counsel was ineffective for failing to object to the introduction of evidence, thereby failing to preserve for appellate review the denial of two pretrial motions to suppress. Petition at 5; Petitioner's Memorandum at 2-7. Petitioner raised this issue in state court in a motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion). Respondents assert that this claim is procedurally barred insofar as Petitioner claims that counsel was ineffective for failing to

preserve these issues for appeal because this argument was not sufficiently raised and argued during the 3.850 proceedings. See Response at 7-8. This Court agrees that the majority of Petitioner's allegations in the 3.850 motion pertains to counsel's deficiencies during the suppression hearing and at trial; however, the Court is satisfied that Petitioner sufficiently raised the claim that counsel was ineffective for failing to preserve for appellate review the denial of the motions to suppress. See Ex.[5] O1 at 11-16.

In the order denying the 3.850 motion, the circuit court did not address the failure to preserve for appellate review claim. See id. at 42. Thus, there is no qualifying decision under AEDPA from the state circuit court. However, Petitioner also raised this failure to preserve for appellate review claim in his appeal of the order denying the 3.850 motion. See Ex. P at 7-8. The First District Court of Appeal affirmed, per curiam, without issuing a written opinion. Ex. S. Thus, there is a qualifying decision under AEDPA from the state appellate court.

The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002). Upon a thorough review of the record and the applicable law, the state appellate court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts

---

[5] The Court hereinafter refers to the Exhibits to Response to Petition for Writ of Habeas Corpus (Doc. #14) as "Ex."

in light of the evidence presented in the state court proceedings.[6] Thus, Petitioner is not entitled to relief on this claim.

## B. Ground Two

Petitioner contends that trial counsel was ineffective for failing to object to the introduction of fingerprint evidence and failing to obtain independent fingerprint testing. Petition at 6; Petitioner's Memorandum at 7-8. Petitioner raised this claim in his 3.850 motion, and the circuit court adjudicated it as follows:

> Here, Defendant asserts that Mr. Neal was ineffective in the way he handled the fingerprint evidence before and during trial. Defendant wishes his counsel had called an independent fingerprint analyst. However, Defendant was never able to clarify what he thought a fingerprint analyst could show. On the one hand, he was arguing that his fingerprints would not be found at the scene. On the other hand, he was arguing that should his fingerprints be found at the scene, it was because he was a regular customer. Counsel did argue this issue at trial[7], as he testified during the hearing, by showing that Defendant had a Blockbuster card. Defendant never demonstrated what he expected a second analysis of the prints would show.

Ex. O1 at 42. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order.

---

[6] On direct appeal, Petitioner's appellate counsel filed an Anders brief, in which he conceded that he could not in good faith argue that the trial court erred in denying the motion to suppress physical evidence. See Ex. F at 8-9. This Court agrees that such an argument would have been futile. Additionally, as noted by Petitioner's appellate counsel, any issue regarding the denial of the motion to suppress the identifications made by Mr. and Mrs. Alexander Gomes was waived when the prosecutor did not call these two witnesses and defense counsel called them as defense witnesses at trial. See id. at 9.

[7] See Ex. B at 369-71.

Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts. Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on this claim.

## C. Ground Three

Petitioner contends that trial counsel was ineffective for interfering with Petitioner's right to testify. Petition at 8; Petitioner's Memorandum at 9-10. Petitioner raised this claim in his 3.850 motion, and the circuit court adjudicated it as follows:

> Here, Defendant suggests that Mr. Neal was ineffective for interfering with his right to testify. Defendant contends that Mr. Neal told him that the jurors would hear of Defendant's prior armed robbery conviction were he to testify, but that in truth the jurors would only learn that Defendant had a prior felony conviction.
>
> Mr. Neal testified at the evidentiary hearing that he absolutely would have told the Defendant that the fact that he had prior felony convictions would be brought out should he testify, but that he would never have told him that the specifics of those crimes would be revealed to the jury, unless he denied having prior convictions.[8] In resolving the factual dispute between Mr. Neal and the Defendant, the Court finds that Mr. Neal is more credible[9] and that the Defendant was not in fact

---

[8] See Ex. O2 at 58-59.

[9] Credibility determinations are questions of fact. See Brownlee v. Haley, 306 F.3d 1043, 1061 (11th Cir. 2002) (noting that a "state court's credibility determination is entitled to a presumption of correctness on habeas review"). Petitioner has not rebutted the trial court's credibility finding by clear and convincing evidence.

8

> told that the jury would learn the nature of his prior convictions
> [i]f he took the stand. In addition, the Defendant acknowledged
> at the evidentiary hearing[10] that the trial judge put him through
> a complete colloquy before his final decision not to testify.[11]

Ex. O1 at 40. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order. Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on this claim.

### D. Ground Four

Petitioner contends that trial counsel was ineffective for failing to object to improper jury instructions and misadvising Petitioner to accept the improper instructions. Specifically, he asserts that the jury should have been instructed that the lesser included offenses of armed robbery were robbery with a weapon, simple robbery and petit theft. Petition at 9; Petitioner's Memorandum at 11-12. Petitioner raised this claim as ground eleven in his 3.850 motion, and the circuit court found that Petitioner's contention was refuted by the

---

[10] See Ex. O2 at 93-94.

[11] The record reflects that the trial judge thoroughly questioned Petitioner regarding his decision to not testify. See Ex. B at 273-76.

9

record.[12]  Ex. O1 at 43.  Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order.  Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on this claim.

### E. Ground Five

Petitioner contends that trial counsel was ineffective for failing to object to the hearsay testimony of Detective Kuczkowski that the victim of the robbery, Madeline Seda, was able to positively identify Petitioner as the robber. Petition at 10; Petitioner's Memorandum at 13. Specifically, the prosecutor asked Detective Kuczkowski, "Was Ms. Seda able to positively identify the defendant on that night?"  Ex. B at 252.  Detective Kuczkowski replied, "Yes, sir." Id.

---

[12] The record reflects that the jurors were properly instructed on the offenses of robbery with a firearm, and the lesser offenses of robbery with a deadly weapon, robbery with a deadly weapon that was not a firearm, robbery with a weapon, and simple robbery. See Ex. B at 392-98.  Thereafter, they were instructed that, if they found no form of robbery was proven, they should consider whether the lesser included offense of theft was proven. Id. at 398-99.  The verdict form also gave the jurors the opportunity to find Petitioner guilty of either simple robbery, robbery with a firearm, robbery with deadly weapon other than a firearm, robbery with a weapon that was not a firearm or a deadly weapon, or the lesser included offense of theft.  Ex. C.  The parties and the judge agreed that if the jury found Petitioner guilty of the lesser included offense of theft, it would be the offense of petit theft because the evidence established the amount taken was $94.00.  See Ex. B at 333-35.

Petitioner raised this claim in his 3.850 motion, and the circuit court erroneously found that Petitioner attempted to use this same evidence in support of his defense. See Ex. O1 at 39-40. Thus, the circuit court's adjudication was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, this Court will not defer to the state court's adjudication of this claim.

Nevertheless, this Court finds this claim to be without merit. The Court notes that Ms. Seda was the prosecution's first witness. She identified Petitioner at trial as the robber and also testified that she had identified him to the police shortly after the robbery. See Ex. B at 150, 155-56. Thus, Petitioner was not prejudiced by counsel's failure to object to Detective Kuczkowski's testimony regarding her identification of Petitioner since the jury had already heard her testify about the same identification.

### F. Ground Six

Petitioner contends that trial counsel was ineffective for failing to impeach Officer Carlson's trial testimony with his prior inconsistent statements. Petition at 11; Petitioner's Memorandum at 14-15. Petitioner raised this claim in his 3.850 motion, and the circuit court found that "the Defendant's challenge to Mr. Neal's trial strategy fails to meet the ineffective assistance of counsel standard, as he fails to show how impeachment could have been employed, much less how it would have [a]ffected the trial's outcome." Ex. O1 at 43. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order. Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on this claim.

The Court also finds this claim to be without merit. At the pretrial suppression hearing, Officer Carlson testified as follows. On January 25, 2002, he received a be-on-the-look-out (hereinafter BOLO) broadcast, in which officers were advised that the suspect in the robbery of a Blockbuster store was a black male, armed with a gun and wearing a white shirt, brown shorts, a hat and gold glasses with yellow lenses. Petitioner's Ex.[13] 2 at 7. Officer Carlson admitted that during his deposition, he stated that the BOLO broadcast described the robber as a black male armed with a gun and wearing a white shirt, brown pants, a hat and glasses with yellow lenses. Id. at 24. Shortly after the BOLO broadcast, Officer Carlson observed an individual who fit the description, riding a bicycle at a high rate of speed in a southerly direction from the Blockbuster store. Id. at 10. When Officer Carlson first observed this individual, he noted that he was a black male, wearing a white shirt and dark-colored shorts. Id. at 11-12. At that time, Officer Carlson did not notice whether the suspect was wearing a hat or glasses. Id. at 11. After Officer Carlson approached the suspect, he

---

[13] The Court will refer to the exhibits submitted with Petitioner's Memorandum as "Petitioner's Ex." With respect to Petitioner's Ex. 2, the Court will cite the page number on the upper right corner of each page.

noticed that he was actually wearing striped shorts and was not wearing a hat or glasses. Id. at 27.

At trial, Officer Carlson testified that during the BOLO broadcast, officers were advised that the suspect in the Blockbuster robbery was a black male, armed with a chrome pistol and wearing a white shirt, brown shorts and glasses with yellow lenses. Ex. B at 176. He also testified that after he approached Petitioner on his bicycle after the robbery, he was wearing a white tee-shirt and shorts, but he was not wearing a hat or sunglasses. Id. at 177-78.

As the above mentioned portions of the record reflect, Officer Carlson's testimony during the suppression hearing was consistent with his testimony at trial. Furthermore, his deposition testimony was consistent with both his testimony during the suppression hearing and at trial, except that during the deposition, he stated the robber was reported to be wearing brown pants instead of brown shorts. Thus, counsel's performance in failing to use this slightly inconsistent testimony to impeach Officer Carlson was not deficient. Moreover, the evidence against Petitioner was overwhelming. His fingerprints were found in the same location a video surveillance tape depicted the robber touching the glass window. He was spotted by Officer Carlson shortly after the robbery, bicycling quickly away from the location of the Blockbuster store. When Petitioner was arrested, he possessed $94.00 (the exact amount that had been stolen from the Blockbuster store), a gun and sunglasses with yellow lenses. The victim identified Petitioner as the robber and the gun found in his possession as the weapon used during the robbery. She also identified the sunglasses found in his

possession as the glasses that were worn by the robber. Given this overwhelming evidence, Petitioner was not prejudiced by counsel's alleged error.

### G. Ground Seven

Petitioner contends that trial counsel was ineffective for failing to obtain a statement from the victim to recommend that Petitioner not be sentenced as a prison releasee reoffender. Petition at 12; Petitioner's Memorandum at 15-17. Petitioner raised this claim in his 3.850 motion, and the circuit court found that Petitioner had "not put forth any evidence whatsoever to support his contention that the victim 'could have probably said that she does not wish for me to receive the P.R.R. mandatory life sentence.' In fact, Mr. Neal testified that the victim was very angry with the Defendant, and was hostile to Defendant, as well as 'terribly distraught[14]' at trial." Ex. O1 at 41. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order. Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on this claim.

---

[14] See Ex. O2 at 75.

## **H. Ground Eight**

In ground eight, Petitioner alleges that the cumulative effect of counsel's errors denied him the effective assistance of counsel. Petition at 13; Petitioner's Memorandum at 17-20. Respondents contend, and this Court agrees, that this claim is procedurally barred. See Response at 24.

Petitioner did not raise this cumulative error claim in his 3.850 motion; however, he did raise it on appeal of the order denying the 3.850 motion. In Florida, issues raised for the first time on appeal of an order denying a motion for post-conviction relief "are procedurally barred because they were not raised below." McDonald v. State, 952 So.2d 484, 489 (Fla. 2006) (per curiam) (citations and footnote omitted). As noted previously, the appellate court summarily denied relief on appeal of the order denying the 3.850 motion. The Eleventh Circuit Court of Appeals has stated that federal courts should not presume a state court would ignore its own procedural rules in summarily denying relief.

> Coleman[, 501 U.S. 722 (1991),] and Ylst [v. Nunnemaker, 501 U.S. 797 (1991),] lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar.

Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993). Thus, this Court presumes that the First District Court of Appeal enforced the procedural bar and did not reach the merits of this claim. Accordingly, Petitioner has procedurally defaulted this claim.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770

15

(11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004).  "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."  Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003).  The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence."  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.  Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Thus, the Court will not address the merits of Petitioner's procedurally barred cumulative error claim.[15]

### I. Ground Nine

In his final ground, Petitioner asserts that the state appellate court failed to conduct a full and independent review of the record on appeal as required by Anders v. California.  Petition at 13; Petitioner's Memorandum at 17-20.  Respondents contend that this claim is procedurally barred because it was never presented to the state courts.  This Court agrees.

---

[15] Even assuming the claim is not barred, Petitioner "has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial.  See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner 'has presented nothing to cumulate')."  Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845). It would be futile to dismiss this case to give Petitioner the opportunity to exhaust this claim. Accordingly, this ground has been procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court will not address the merits of Petitioner's procedurally barred claim[16] in ground nine.

Any claims not specifically addressed by this Court are found to be without merit. Accordingly, the Petition will be denied, and this case will be dismissed with prejudice.

### VI. Certificate of Appealability

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only

---

[16] In any event, the Court notes that this claim does not present an issue that is cognizable on federal habeas review.

17

if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability on all grounds. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of December, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

ps 11/5
c:
Norman C. Gibson
Counsel of Record